**Iqbal A. PASHA, Plaintiff–Appellant,**

v.

**WILLIAM M. MERCER INVESTMENT CONSULTING, INC., MCGI, Defendants–Appellees.**

No. 04–4381–CV.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Iqbal A. Pasha, Stamford, CT, for Appellant.

Stephen L. Sheinfeld, Winston & Strawn LLP, New York, NY, for Appellee.

Present: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Iqbal Pasha appeals from the March 24, 2004, judgment of the district court granting summary judgment in favor of defendants-appellees William M. Mercer Investment Consulting, Inc. and MCGI (collectively "Mercer") and dismissing Pasha's complaint alleging that Mercer failed to hire him based on national origin and age discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Pasha also appeals the July 2, 2004, order of the district court denying his motion to alter the judgment, under Federal Rule. R. Civ. P. 59(e). We assume familiarity with the facts and with the issues raised on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). The standard of review of a district court order granting or denying a motion for relief from judgment under Fed.R.Civ.P. 59(e) is

abuse of discretion. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). " 'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When, as here, a litigant is proceeding *pro se*, we construe that litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *See Weixel v. Bd. of Ed.*, 287 F.3d 138, 146 (2d Cir.2002).

Viewing the evidence in the light most favorable to Pasha, as the district court and we are required to, we conclude that, for substantially the reasons set forth in the district court's memorandum and order, summary judgment was properly granted to Mercer. Specifically, based on our review of the record, we agree with the district court that (1) Pasha failed to establish a national origin discrimination claim because he offered no evidence that Asghar Alam, the head of Mercer's investment consulting practice and the man who initially interviewed Pasha, personally holds the bias Pasha ascribes to native Pakistanis against foreign-born Pakistanis; (2) Alam's alleged age-conscious remarks were too "isolated and ambiguous" to create an inference of discrimination; (3) the fact that Mercer has not hired many consultants over the age of forty, in the absence of any other evidence of age discrimination, does not create an inference of discrimination; (4) the statistics Pasha set forth in his opposition papers were properly disregarded as unreliable; (5) Mercer articulated non-discriminatory reasons for its decision not to hire Pasha; and (6) Pasha did not raise a triable issue that Mercer's non-discriminatory reasons were a pretext for discrimination. Because summary judgment was properly awarded to Mercer, the district court's denial of Pasha's Rule 59(e) motion was not an abuse of discretion.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**